## Merrit I. Wheeler *vs.* Zina H. Parks.

If under a contract for the purchase and sale of real and personal property, the seller delivers the personal property to the purchaser, and fails to carry out the residue of the contract, but the contract is not rescinded, the seller cannot set off the value of the property delivered in an action upon an independent debt from him to the purchaser.

Action of contract on a promissory note for $250. The defendant in his answer admitted the making of the note, and alleged that it was without consideration; and also filed a declaration in set-off for a like amount for a horse, cow and yearling sold to the plaintiff.

At the trial in the superior court there was evidence of the following facts: On the 22d of April 1857 the plaintiff and defendant made a contract in writing, by which the defendant agreed to sell to the plaintiff several parcels of land, and the horse, cow and yearling, to give up immediate possession of all the property, and to deliver the deed of the land on or

before the 1st of October following; and the plaintiff agreed to pay to the defendant $500 on the delivery of the deed, and the further sum of $2,300 on or before the 10th of April 1858. At the time of making this contract the plaintiff, at the defendant's request, lent him $250, for which he took the note in suit, both parties expecting that the defendant would accept this note in part payment of the sum to be paid to him by the plaintiff on receiving the deed, though there was no express agreement to this effect. The plaintiff entered into immediate possession of the property described in the agreement, and continued in possession of it till about the 1st of March 1858, when he restored the possession of the land to the defendant, having previously sold the horse and cow, and retaining the yearling at the time of the trial. The defendant never delivered any deed of the land to the plaintiff.

Upon this evidence, *Putnam,* J. ruled that the defendant could not set off the value of the horse, cow and yearling against the note declared on, and directed a verdict for the plaintiff for the amount of the note, which was returned, and the defendant alleged exceptions.

*B. Palmer,* for the defendant.

*S. B. Sumner,* for the plaintiff.

MERRICK, J. There in no doubt concerning the right of the plaintiff to recover the contents of the note declared on. This is not contested by the defendant. The only question in controversy between the parties arises upon the items charged in the account filed in set-off.

It appears that the horse, cow and yearling, of the value of which he thus seeks to avail himself in defence, were sold and transferred to the plaintiff in pursuance of a contract between them for the sale and purchase of certain real and personal property. No part of the consideration therefor was to be paid until sufficient deeds of the real estate, according to the terms and provisions of the contract, were made and delivered to the plaintiff. This was never done; and consequently the defendant never became entitled to demand or receive the stipulated payment. But there was no rescission of the contract; there was

merely a failure on the part of the defendant to perform his part of it.   In consequence of this failure, no duty devolved upon the plaintiff.   He had a right to retain the property which had been conveyed to him; and the question of damages for the non-performance of the contract was and is left unsettled.   Undoubtedly, if the plaintiff should hereafter make any claim on that account, the value of the personal property which was transferred to him, and of which he has availed himself, should be taken into consideration, and proper allowance made therefor.   But the defendant, having sold and transferred the personal property in part discharge and performance of the contract on his part, the sale and delivery did not create any debt against the plaintiff; nor subject him to the liability of having the amount or value of it deducted from or set off against any just and legal claim in his favor against the defendant.   *Congdon* v. *Perry,* 13 Gray, 3.                              *Exceptions overruled.*